## HUNTINGTON LABORATORIES, Inc., v. UNITED STATES.
### No. 381.

District Court, N. D. Indiana, Fort Wayne Division.

Jan. 4, 1935.

Frank Hogan, of Fort Wayne, Ind., for plaintiff.

James R. Fleming, U. S. Atty., of Fort Wayne, Ind.

SLICK, District Judge.

The facts are all stipulated. In 1919 the plaintiff acquired certain formulæ from one West, a chemist, and paid for the same by issuing to West 1,000 shares of its common capital stock. At the time of the issuance of this stock it was worth $100 per share.

The formulæ were placed in a safety deposit box in a bank in Huntington in escrow, to be opened only in the presence of West and two directors, and then only with the consent of the whole board of directors. The formulæ were for processes of extracting caffein from coffee, chaff, and broken tea leaves, and coffee hulls, and for various processes of making soap.

In August, 1920, the manager of the company attempted to secure the formulæ from the safety deposit box in which they were placed in escrow, but failed due to the form of the escrow agreement. The safety deposit box in which the formulæ were deposited was rented by Mr. West in May, 1919, but the plaintiff paid all the rentals thereon up to 1928, when the box was opened.

In December, 1927, the company sold to its president, Mr. Breen, these formulæ for the sum of $1. In 1919 the reasonable market value of caffein in Huntington, where the company did business, and surrounding territory, was between $7 and $8 per pound, and in 1920, the next year, the reasonable value of caffein in this territory was between 70 cents and 80 cents per pound.

From the time the formulæ were placed in escrow up to 1928, plaintiff was unable to obtain possession of the formulæ on account of the form of the escrow agreement, but in 1924, Mr. Breen, the company's president, was permitted to see the envelope containing the formulæ. On the outside of said envelope was written a statement of the products intended to be produced by such formulæ. No statement of the formulæ was made.

Plaintiff took credit for the amount of its loss, being the difference between $100,000 paid for the formulæ and the $1 for which it sold the formulæ to its president in 1927, and brings this suit for taxes paid in excess of its liability; said taxes having been paid under protest.

Defendant argues that plaintiff has failed to prove that the loss occurred in 1927. Defendant, however, does not point out in its brief when this loss did occur, contenting itself with taking the position that plaintiff has not established a loss in 1927, and defendant is not concerned as to the exact time the loss occurred.

Plaintiff has established a loss—of that there is no doubt. The question to be determined is when this loss actually occurred, which, of course, is a question of fact. Defendant does not attempt to point out the year in which the loss should have been taken, but the tenor of its argument as briefed seems to indicate that the company should have taken its loss in 1920 for the reason that in that year its board of directors passed the following resolution: "Upon motion the one thousand shares of stock issued to P. A. West, in lieu for alleged valuable Formulas and which were later found to be of no value to this company, was also ordered to be placed in the hands of our attorneys, in hopes of having said stock or its equivalent in money or other property refunded to the Treasury of our Company."

This resolution is not couched in the plainest of language, but it should be noted that the resolution does not recite that the formulæ were of no value, but that it had

been determined they were of no value *to the company.*

If this taxpayer had in 1920 or any subsequent year before the actual sale attempted to take credit for this loss, it would not have been allowed. These formulæ are in the same class as stock which has a fluctuating market value. No one knew, and no one at the present writing knows, at least it does not appear in evidence, whether or not these formulæ have any value. The only way to determine that was to sell them. This the company did, and I am therefore of the opinion that they were entitled to credit.

Counsel may prepare an order for the amount of judgment to be entered.